IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| NICOLE T. JENKINS ) | |
| ) | |
| Plaintiff ) | Civil Action No. 3:12-0369 |
| ) | |
| v. ) | Judge Campbell/Judge Griffin |
| ) | |
| THE VANDERBILT UNIVERSITY ) | |
| ) | |
| Defendant ) | |

## AMENDED INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d) and the Initial Case Management Conference conducted on May 29, 2012, the following Initial Case Management Order will apply in this case:

1. <u>Jurisdiction and Venue</u>. The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331. Jurisdiction is not disputed. Venue is properly in this District.

2. <u>Plaintiff's Theories and Claims</u> Plaintiff is an African-American female citizen of the United States, employed by the Defendant as an Associate Professor in its Owen Graduate School of Management. She was recruited and hired in 2007. She was considered for tenure in the fall of 2011. In her previous teaching experience at the University of Iowa, at Washington University and as an instructor for KPMG Plaintiff received more than acceptable teaching evaluations. However, at Vanderbilt, where most of the student body is male and Caucasian, her teaching evaluations were not acceptable according to the Dean. Plaintiff was told that if she did not spend significant amounts of time and approve her teaching evaluations, she would not receive tenure. Even though Plaintiff devoted an extraordinary amount of time to improve her teaching evaluations, her evaluations did not improve and her research time and writing time were limited. Plaintiff was the victim of race discrimination in her teaching evaluations, because Caucasian male students rate African-American women poorly solely because they are

African-American. Two high level administrators at The Vanderbilt University ("Vanderbilt") have admitted to Plaintiff that such racist bias exists at Vanderbilt. There are studies that support such teaching evaluation bias. At no time was Plaintiff's teaching ability documented in writing by the other Owen faculty. As a result of the discrimination and bias set forth herein, Plaintiff did not receive tenure in 2011. This conduct also represented a breach of Plaintiff's employment contract and a violation of the Tennessee Human Rights Act.

3. <u>Defendant's Theories and Defenses</u> The Defendant, The Vanderbilt University ("Vanderbilt" or the "University") denies that Plaintiff's race or gender was a factor in its decision to deny her promotion to Associate Professor with tenure in its Owen Graduate School of Management (the "Owen School"). The Defendant admits that Plaintiff has met the jurisdictional requirements to assert a claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-1, *et seq.* ("Title VII"). The Defendant denies that Plaintiff has any claim against it under Title VII, 42 U.S.C. §1981, the Tennessee Human Rights Act, or based on breach of contract under Tennessee law or any other federal or state statute or common law. The Defendant asserts that the Plaintiff failed to satisfy the standards for promotion set forth in its <u>Faculty Manual</u> in that she failed to demonstrate a highly effective level of teaching and excellence in research or scholarship. The Defendant asserts that the faculty of the Owen School voted overwhelmingly against Plaintiff's promotion. The Defendant denies that Plaintiff suffered from any racial or gender bias in the student evaluations which were utilized, in part, to determine whether or not she met the standards of highly effective teaching. The Defendant denies that it breached any term of the Plaintiff's contract of employment set forth in her appointment letter or in the terms of the <u>Faculty Manual</u>, or any covenant of good faith and fair dealing in the interpretation and application of the terms of such contract. Defendant denies that Plaintiff is entitled to any recovery of damages, either actual or compensatory. Upon information and belief, the Defendant asserts that the Plaintiff has obtained new employment while still in the terminal year of her Vanderbilt contract so that she has suffered no, or very limited, loss of earnings or other damages.

2

4. <u>Motions to Amend, etc.</u> The deadline for filing any motion to amend the pleadings or to join additional parties is June 29, 2012.

5. <u>Discovery</u>. The parties will make the mandatory disclosures required by Rule 26(a)(1) on or before June 29, 2012. Discovery shall be conducted in accordance with the limitations contained in Rule 30(a)(2) and (b) and Rule 33(a) of the Federal Rules of Civil Procedure and Local Rule 33.01(b) and (c). Discovery will be completed on or before November 21, 2012. Any written discovery shall be served sufficiently in advance of that date so that responses will be due on or before November 21, 2012. All discovery motions shall be filed by November 1, 2012.

6. <u>Dispositive Motions</u>. Any dispositive motion shall be filed on or before February 1, 2013, and any response shall be filed on or before March 4, 2013. Any reply memorandum which the moving party believes necessary will be filed on or before March 18, 2013.

7. <u>Settlement Conference</u>. The parties feel that a settlement conference will be useful after preliminary discovery. The parties will contact the Magistrate Judge regarding the scheduling of a Settlement Conference on or before July 20, 2012.

8. <u>Deadlines for Expert Disclosures</u>. Plaintiff shall disclose the expert information required by Federal Rules of Civil Procedure 26(a)(2) on or before September 28, 2012. Defendant shall disclose expert information required by Federal Rules of Civil Procedure 26(a)(2) on or before October 31, 2012. Any Rebuttal expert will be disclosed on or before November 30, 2012. Depositions of experts will be completed on or before January 11, 2013.

9. <u>Electronic Discovery</u>. The parties do not anticipate any extensive electronic discovery other than the production of electronic mail messages by certain members of the Defendant's faculty and administration. This case will not be subject to the Default Standard Order for Electronic Discovery (No. 174).

10. <u>Protective Orders</u>. The Plaintiff anticipates requesting tenure files and teaching evaluations for other members of the faculty of the Defendant's Owen School. The parties will enter an agreed protective order applicable to such information.

11. <u>Trial</u>. The parties anticipate that this case will take 3 to 4 days to try.

IT IS SO ORDERED.

ENTERED this _____ day of May, 2012.

_____
Juliet E. Griffin
United States Magistrate Judge

APPROVED FOR ENTRY:

BRAUN & ASSOCIATIONS

By: <u>s/ Richard J. Braun</u>
Richard J. Braun
Julie Travis
501 Union Street, Suite 500
Nashville, TN 37219

Attorneys for Plaintiff

BASS, BERRY & SIMS PLC

By: <u>s/ William N. Ozier</u>
William N. Ozier
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201

John C. Callison
University Counsel
University Counsel
Vanderbilt University
Office of General Counsel
2100 West End Avenue
Suite 750
Nashville, Tennessee 37203

Attorneys for Defendant

10839817.1